IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THE EXPLORASTORE, LLC, | )<br>) No. 05-75-HU |
| Plaintiff, | )<br>) |
| v. | )<br>) FINDINGS AND RECOMMENDATION |
| CALIFORNIA SCIENCE CENTER FOUNDATION, | )<br>)<br>) |
| Defendant. | ) |

Leonard D. DuBoff
Holly Helmuth Martin
The DuBoff Law Group
6665 S.W. Hampton Street, Suite 200
Portland, Oregon 97223
   Attorneys for plaintiff

R. Joseph Trojan
Trojan Law Offices
9250 Wilshire Blvd., Suite 325
Beverly Hills, California 90212
E.J. Simmons
621 S.W. Fifth Avenue, Suite 1300
Portland, Oregon 97205
   Attorneys for defendant

HUBEL, Magistrate Judge:

    This is an action for trademark infringement, asserting claims

FINDINGS AND RECOMMENDATION Page 1

for injunctive relief and damages, by plaintiff The Explorastore, LLC, an Oregon limited liability company (the ExploraStore), against defendant California Science Center Foundation (the Foundation), a California corporation with its principal place of business in Los Angeles, California. The matter before the court is the Foundation's motion to dismiss for lack of jurisdiction or, alternatively, to transfer venue to the United States District Court for the Central District of California.

The complaint alleges that as early as 1992, the ExploraStore has used the mark, "The Explorastore" in connection with a retail shop and Internet business, both of which feature science toys. The retail shop is located in Cannon Beach, Oregon, and regularly serves customers from California and throughout the United States; in addition, the ExploraStore advertises, markets and sells its products throughout the world by means of its Internet site.

The ExploraStore alleges that it obtained federal registration for the mark on April 15, 2003, and asserts that there have been "numerous instances of actual confusion" in which the ExploraStore received communications intended for the Foundation. The ExploraStore alleges that it wrote a "cease and desist" letter to the Foundation on April 26, 2004.

In support of its motion to dismiss, the Foundation proffers evidence that it is a California nonprofit organization with its principal place of business in Los Angeles, California. It is an auxiliary to the California Science Center (the Center), a legal entity of the State of California. The Foundation provides support

FINDINGS AND RECOMMENDATION Page 2

for exhibits and educational programs of the Center.

According to the Declaration of Cynthia Pygin, chief financial officer of the Foundation, most of the Foundation's business activities are conducted within California. The Foundation is not registered to conduct business in Oregon and has no registered agents, employees or representatives located in Oregon; has never maintained an office or affiliated entity in Oregon; has never provided any services or paid taxes in Oregon; has no bank accounts, real or personal property in Oregon; has never been involved in any prior lawsuits in Oregon; and has never sent any of its personnel or principals to Oregon for business purposes.

Ms. Pygin states further that the Foundation has opened a store, called the ExploraStore, inside the Center, which sells scientific and educational gifts, toys, kits and materials to visitors, and that the Foundation operates a single-page informational Internet site for its ExploraStore, but does not solicit the sale of, or sell, any of its products by means of the Internet site. Ms. Pygin states that the Foundation has no established distribution channel to fulfill orders from Oregon and does not target residents of Oregon through its advertising.

**Standards**

The plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence. KVOS Inc. v. Assoc. Press, 299 U.S. 269, 278 (1936); Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). A two-part showing is required: (1) the forum state must have an applicable long-arm statute; and (2) the

FINDINGS AND RECOMMENDATION Page 3

assertion of jurisdiction must comport with the constitutional requirements of due process. <u>Fireman's Fund Ins. Co. v. National Bank of Cooperatives</u>, 103 F.3d 888, 893 (9th Cir. 1996). Oregon's long arm statute, Oregon Rule of Civil Procedure 4L, extends personal jurisdiction to the extent permitted by federal due process. <u>Gray & Co. v. Firstenberg Mach. Co.</u>, 913 F.2d 758, 760 (9th Cir. 1990). "Thus, the analysis collapses into a single framework and the court proceeds under federal due process standards." <u>Millennium Enterprises v. Millennium Music, LP</u>, 33 F. Supp.2d 907, 909 (D. Or. 1999).

When the district court receives only written submissions, and makes its jurisdictional decision on the basis of pleadings and affidavits, the plaintiff need only make a prima facie showing of jurisdiction to avoid the defendant's motion to dismiss. <u>Omeluk v. Langsten Slip & Batbyggeri A/S</u>, 52 F.3d 267, 268 (9th Cir. 1995). In determining whether the plaintiff has met this burden, uncontroverted allegations in the complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in plaintiff's favor. <u>Dole Food Co. v. Watts</u>, 303 F.3d 1104, 1107 (9th Cir. 2002).

The ExploraStore concedes that the Foundation is not subject to general jurisdiction in Oregon, but asserts that the Foundation is subject to specific jurisdiction. To be subject to specific jurisdiction, 1) the nonresident defendant must purposefully direct its activities or consummate some transaction with the forum or a resident of the forum, or perform some act by which it purposefully

FINDINGS AND RECOMMENDATION Page 4

avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws; 2) the claim must be one that arises out of or relates to the defendant's forum-related activities; and 3) the exercise of jurisdiction must comport with fair play and substantial justice; i.e., it must be reasonable. Dole, 303 F.3d at 1111.

The purposeful direction or availment requirement for specific jurisdiction is analyzed in intentional tort cases under the "effects" test articulated by the Supreme Court in Calder v. Jones, 465 U.S. 783 (1984). Calder "stands for the proposition that purposeful availment is satisfied even by a defendant 'whose only contact with the forum state is the purposeful direction of a foreign act having effect in the forum state.'" Dole, 303 F.3d at 1111, quoting Haisten v. Grass Valley Med. Reimbursement Fund, 784 F.2d 1392, 1397 (9th Cir. 1986); see also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1087 (9th Cir. 2000)("In Calder, the Supreme Court held that a foreign act that is both aimed at and has effect in the forum state satisfies the purposeful availment prong of the specific jurisdiction analysis.")

**Discussion**

1. Purposeful availment

The ExploraStore asserts that the purposeful availment element is satisfied because the Foundation's allegedly infringing conduct causes harm to the ExploraStore in Oregon, in the form of customer confusion. The ExploraStore has submitted a copy of an email sent to its InternetAndrea Klink, who states that she has "recently

FINDINGS AND RECOMMENDATION Page 5

visited the Explorastore in L.A.," and asks for a color poster.

The Foundation moves to strike this evidence as hearsay, which it is. Even if the evidence were admissible, it would not suffice to satisfy the "effects" test of <u>Calder</u>. First, there is no evidence that the Foundation has intentionally engaged in conduct targeted at the ExploraStore in Oregon, or its customers. See <u>Bancroft & Masters</u>, 223 F.3d at 1087 ("express aiming requirement met when defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state).

Second, there is no evidence that harm was caused to the ExploraStore by the Foundation's allegedly infringing conduct. There is no evidence that Ms. Klink intended to purchase an item or otherwise do business with the ExploraStore in Oregon. Her email makes it plain that her intention was to purchase a product from *the Foundation,* based on her contacts with the Foundation's ExploraStore in California. There is no evidence that the Foundation knew or should have known that a customer who had visited the ExploraStore in Los Angeles would mistake it for an unrelated store in Cannon Beach, Oregon, through the Oregon store's Internet site. And finally, any "harm" generated by Ms. Klink's confusion affected the Foundation, not the ExploraStore.

The ExploraStore also argues that the Foundation's continuing to use the ExploraStore mark after receiving the cease and desist letter constitutes an act aimed at the ExploraStore and causing it harm in Oregon. This argument is not persuasive. The fundamental

FINDINGS AND RECOMMENDATION Page 6

requirement for personal jurisdiction is that the contacts which support jurisdiction must proximately result from actions by *the defendant* that create a substantial connection with the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985); Glencore Grain v. Shivnath Rai Harnarain, 284 F.3d 1114, 1123 (9th Cir. 2002). The ExploraStore's own conduct cannot create contacts which support jurisdiction.[1]

The ExploraStore has presented no evidence that the Foundation knew of its existence before the commencement of this action, or that the Foundation has committed any intentional act expressly aimed at Oregon or at the ExploraStore, or that any significant amount of harm has occurred to the ExploraStore in Oregon as a result of the Foundation's conduct. The "effects" test of Calder is not satisfied here.

The ExploraStore argues further that the purposeful availment element is satisfied based on the Center's Internet site and

---

[1] For this reason, the correspondence between the ExploraStore and the Foundation is also insufficient to show some measure of "purposeful availment." See Tech Heads, Inc. v. Desktop Service Center, Inc., 105 F. Supp.2d 1142, 1147(D. Or. 2000)(correspondence initiated by plaintiff does not subject defendant to jurisdiction; "[o]nly those contacts with the forum that were created by the defendant, rather than those manufactured by the unilateral acts of the plaintiff, should be considered for due process purposes.")

FINDINGS AND RECOMMENDATION Page 7

contacts with Oregon generated by the Internet site. In <u>Millennium Enterprises, Inc. v. Millennium Music, LP</u>, 33 F. Supp.2d 907 (D. Or. 1999) this court adopted a "sliding scale" analysis to determine whether an Internet site could support personal jurisdiction. Under this analysis, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." <u>Id.</u> at 1124. See also <u>Tech Heads</u>, 105 F. Supp.2d at 1149. At one end of the scale is a site which enables the defendant to conduct business over the Internet with residents of the forum, and the defendant does so; such sites support personal jurisdiction. At the opposite end of the scale are "passive" sites merely accessible to users in the forum state and elsewhere, which are generally insufficient to support personal jurisdiction. See, e.g., <u>Cybersell, Inc. v. Cybersell, Inc.</u>, 130 F.3d 414 (9th Cir. 1997)(defendant's Internet site contained only a telephone number and an invitation to communicate by email, and defendant had no additional contacts with forum residents; court held that "something more" was required, to show that the defendant directed his activity at the forum state). In the middle of the scale are the more problematic "interactive" Internet sites which allow a user to exchange information with the host computer.

    According to the evidence proffered by the Foundation, the Center maintains an Internet site (www.californiasciencecenter.org) with several links, including "General Information," "Planning Your Visit," "News and Events," "Members and Supporters," "Event

FINDINGS AND RECOMMENDATION Page 8

Services," "Employment/Volunteering," "Media Room," "About Us," and "Contact Us." Declaration of R. Joseph Trojan, Exhibit 5. One of the links is "ExploraStore." The ExploraStore link is a single page which describes the "theme worlds" into which the store is divided, each of which reflects "the many amazing exhibits at the California Science Center, so you can take all the learning and fun home with you." Id. The ExploraStore page does not advertise or display any of the store's products, and does not offer them for sale.

In Millennium, the court rejected plaintiff's description of defendant's Internet site as "active" because "such designation [is] intended for those businesses which conduct a significant portion of their business through ongoing Internet relationships; for example, by entering into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet." 33 F. Supp.2d at 920. In Tech Heads, the court found defendant's Internet site "highly interactive," and therefore sufficient to support personal jurisdiction, because defendant not only conducted most of its business over the site, advertising, selling products, and offering information, but also exchanged information with users and actively encouraged and solicited users through other means, such as national advertising and a toll-free telephone number. Id. at 1150.

In this case, the Internet site in question is not that of the defendant Foundation, but rather of the Center. Moreover, the Center's Internet site does not display, advertise, or offer to sell the merchandise of the ExploraStore in Los Angeles, and it is

FINDINGS AND RECOMMENDATION Page 9

not possible to purchase the store's items online. There is no evidence of a single transaction between the Center's Internet site and Oregon users, and even if there were such a transaction, it could not involve the sale of the ExploraStore's merchandise, because the ExploraStore's merchandise cannot be purchased over the Internet site.

The ExploraStore argues that the Center's Internet site is interactive because users can exchange information and enter into a membership contract with the Center that includes a discount or gift certificate to the ExploraStore in California. However, the issue here is not business transactions between the Center, which is not a party, and users of its Internet site. I conclude, therefore, that the Center's Internet site, with its ExploraStore link, is insufficient to satisfy the "purposeful availment" requirement for personal jurisdiction over the Foundation.

2. Arising out of forum-related activities

The second requirement for specific personal jurisdiction is that the claim asserted arise out of the Foundation's forum-related activities. The test is whether the plaintiff "would not have been injured 'but for' the defendant's ... conduct directed toward [plaintiff]." Panavision Int'l, LP v. Toeppen, 141 F.3d 1316, 1322 (9th Cir. 1998). For the reasons discussed, I find no evidence that the defendant has engaged in purposeful conduct directed at the plaintiff, or at Oregon; accordingly, I find no evidence that the ExploraStore has been injured "but for" such conduct.

3. Reasonableness

FINDINGS AND RECOMMENDATION Page 10

Because I find that the ExploraStore has failed to satisfy the first two elements required for specific jurisdiction, it is unnecessary to reach the issue of whether the exercise of jurisdiction would be reasonable.

## Conclusion

I recommend that defendant's motion to dismiss (doc. # 13) be GRANTED, that the alternative motion to transfer venue be DENIED AS MOOT, and that this action be dismissed for lack of personal jurisdiction.

## Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due May 11, 2005. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due May 25, 2005, and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 26th day of April, 2005.

/s/ Dennis J. Hubel
Dennis James Hubel
United States Magistrate Judge

FINDINGS AND RECOMMENDATION Page 11